JUSTICE COTTER
specially concurs and dissents.
¶30 I concur with the Court’s conclusion that a district court’s authority to impose sentences in criminal cases is defined and constrained by statute, and I agree with the Court’s conclusion that there was no “victim” of the crime of which Setters was convicted and to whom Setters could be ordered to pay restitution over objection. However, for the reasons set forth in my concurring and dissenting opinion in State v. Horton, 2001 MT 100, 305 Mont. 242, 25 P.3d 886, I respectfully dissent from this Court’s order striking the restitution provisions from the District Court’s Judgment and Order of Sentence.
¶31 As I proposed in Horton, I would remand to the District Court, with directions that the State be given the option of either accepting the sentence as amended by this Court, or, in the alternative, rescinding the plea agreement for failure of consideration. Should the State elect to rescind, the parties would be returned to their pre-plea agreement status, with Setters withdrawing his plea of guilty and all charges previously dismissed being reinstated. The State and Setters could thereafter either negotiate a new plea agreement or proceed to trial.
JUSTICE LEAPHART concurs in the foregoing special concurrence and dissent.